STACEY v. McCLAVE.    (No. 6745.)

(Court of Civil Appeals of Texas.  Galveston.  March 3, 1915.  Rehearing Denied  April 8, 1915.)

EXECUTORS AND ADMINISTRATORS ☞449— CLAIMS—SERVICE—PLEADING—VARIANCE.

The evidence showing plaintiff took charge of deceased's business under an agreement to receive as compensation a share of the profits, he may not, even if the evidence show the amount of profits, recover in an action against the administratrix for a certain sum as due him, as the value thereof, for services rendered deceased as bookkeeper and clerk.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1850–1854; Dec. Dig. ☞449.]

Appeal from Liberty County Court; I. B. Simmons, Judge.

Action by C. McClave against Hattie E. Stacey, administratrix. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Stevens & Stevens, of Liberty, for appellant. Marshall & Harrison, of Liberty, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant as administratrix of the estate of William Stacey, deceased, to recover the sum of $904.94 alleged to be due plaintiff for services rendered the deceased as bookkeeper and clerk in a mercantile business owned by deceased in the town of Devers, in Liberty county, in the years 1910 and 1911. In addition to a general denial, the defendant specially pleaded, in substance, as follows:

"That about the 24th day of January, 1910, the said William Stacey, deceased, being the owner of a certain stock of goods, wares, and merchandise at Devers, Tex., of the value of two thousand seven hundred ($2,700.00) dollars, the said William Stacey, deceased, and plaintiff entered into an agreement by the terms of which the plaintiff was to take charge of the storehouse containing said stock of goods and conduct a mercantile business with the said stock of goods; the said William Stacey to furnish the capital and goods. In consideration of the services rendered by the said plaintiff in conducting said mercantile business, it was agreed that the plaintiff and the defendant should equally share in the profits of said business, it being understood, however, that the plaintiff was not to become the owner of any of said goods unless he furnished one-half of the invoice value, which option the plaintiff had the right to exercise. That the plaintiff never at any time paid any money into said business, wherefore his interest in the same consisted only of a one-half interest in such profits as might be made out of said business. That said William Stacey, deceased, was to furnish a house free of rent to the plaintiff for the first year, which he accordingly did. That said business was conducted by the said McClave from the said 24th day of January, 1910, until about the ——— day of April, 1911, and that, instead of there being any profits in said business, there was an actual loss, of, to wit, one hundred and sixty-five dollars ($165.00)."

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff.

The evidence shows that plaintiff performed services as bookkeeper and salesman in the store of Wm. Stacey & Co., at Devers, in Liberty county, from January 24, 1910, to April 19, 1911, and that the reasonable value of the services performed by him was $85 per month.

The undisputed evidence further shows that plaintiff took charge of this business under an agreement to receive as compensation for his services a portion of the profits of the business. The testimony of all the witnesses, both plaintiff's and defendant's, tends to establish this fact, and plaintiff in his testimony does not deny that such was the agreement. The letter heads used by the firm of Wm. Stacey & Co. show that said firm was composed of Wm. Stacey and plaintiff, C. McClave. There is no claim that the deceased made any express contract to pay plaintiff for his services, and the undisputed evidence negatives any implied agreement on the part of the deceased to pay him the value of his services, but, as before stated, all of the evidence tends to show that plaintiff was to receive as compensation for his services a portion of the profits of the business. There is no evidence showing what, if any, profits were made during the time plaintiff conducted the business. If the evidence had been sufficient to show the earnings or profits of the business, plaintiff could not upon his pleadings in this suit recover any portion of said profits.

Because, in our opinion, upon the undisputed evidence, plaintiff is not entitled to recover anything in this suit, the judgment of the court below is reversed, and judgment here rendered in favor of appellant.

Reversed and rendered.